```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**JOHN SLAGTER**                                                      **APPELLANT**

**VS.**                                          **CIVIL ACTION NO.3:05CV560BN**

**STONECRAFT, LLC.**                                                   **APPELLEE**


## OPINION AND ORDER

This cause is before the Court on the following Motions of Appellant:

1.  Motion for Reconsideration of Order Granting Combined Motion for Relief From Judgment and for Enforcement of Judgment or Alternatively, For Leave of Court ("Motion for Reconsideration"), filed on December 30, 2005, under docket entry no. 24.

2.  Motion Requesting Relief from Order or, in the Alternative, for Permission to Appeal Denial of Stay ("Motion Requesting Relief from Order"), filed on December 30, 2005, under docket entry no. 25.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1.  The Motion for Reconsideration is not well taken and should be denied.

    2.    The Motion Requesting Relief from Order is not well taken and should be denied.

### I. Motion for Reconsideration

In an Opinion and Order dated December 19, 2005, and filed with the Clerk of the Court on the same day under **docket entry no. 23** ("December 19 Opinion II"),[1] this Court granted Appellee's Motion for Relief from Judgment, and for Enforcement of Judgment. Aggrieved by the holdings in the December 19 Opinion II, Plaintiff filed the subject Motion for Reconsideration on December 30, 2005. That Motion is now ripe for decision.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted). The United States

---

[1] The Court actually entered two Opinions and Orders on December 19, 2005. The first Opinion and Order, filed under docket entry no. 22 ("December 19 Opinion I"), denied Appellant's Motion for Consolidation and for Reconsideration [docket entry no. 5]. The second Opinion and Order, filed under docket entry no. 23 ("December 19 Opinion II"), granted Appellee's Motion for Relief from Judgment, and for Enforcement of Judgment [docket entry no. 14]. The December 19 Opinion II is the subject of Appellant's current Motion for Reconsideration while the December 19 Opinion I is the subject of Appellant's Motion Requesting Relief from Order, discussed *infra*.

Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

In the subject Motion for Reconsideration, Plaintiff cites no new law or presents no arguments that were not previously considered by the Court. Having considered all of the factors set forth in Sturges, this Court finds that the Motion for Reconsideration should be denied.

## II.  Motion Requesting Relief from Order

In an Opinion and Order dated December 19, 2005, and filed with the Clerk of the Court on the same day under **docket entry no. 22** ( "December 19 Opinion I"), this Court denied Appellant's Motion for Consolidation as moot and Appellant's Motion for Reconsideration of Emergency Motion for Stay, which the Court construed as an appeal of the decision of United States Magistrate Judge James Sumner to deny Appellant's request for a stay. Aggrieved by the holding in the December 19 Opinion I, Appellant now asks the Court for relief from the December 19 Opinion I pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure or alternatively, to allow Appellant to appeal the December 19 Opinion I under Rule 5(a)(3) of the Federal Rules of Appellate Procedure.

Pursuant to Rule 60(b)(1), the Court can relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."  The Court has the sound discretion to either grant or deny a Rule 60(b) motion. Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996). Appellant contends that the Court should vacate the December 19 Opinion I because this Court has never considered on the merits whether a stay of judgment pending appeal is appropriate. However, as Appellee correctly points out, the United States Bankruptcy Court for the Southern District of Mississippi ("Mississippi Bankruptcy Court") has already determined

4

that a stay was appropriate. See Order of Mississippi Bankruptcy Court, dated April 19, 2005. Although granting Appellant's request for stay, the stay was conditioned on the posting of a $200,000.00 bond, which Appellant was unable to post.  Denying Appellant's Emergency Motion for Stay, Magistrate Judge Sumner, In his July 12, 2005, Order, determined that the Mississippi Bankruptcy Court did not abuse its discretion by making the stay contingent on the posting of a bond. This Court agrees. Accordingly, the Court will deny Appellant's Motion Requesting Relief from Order.

Alternatively, Appellant asked that the Court allow an interlocutory appeal of the December 19 Opinion I. The Court however is unable to grant such relief as the jurisdiction of the United States Court of Appeals for the Fifth Circuit in bankruptcy actions is limited to appeals of "*final* decisions, judgments, order[s], and decrees." In re Delta Servs. Indus., etc., 782 F.2d 1267, 1268 (5th Cir. 1986) (citing 28 U.S.C. § 158(d)). Therefore, because the December 19 Opinion I is not a final decision, judgment, order or decree, Appellant's request for permission to appeal the Order must also be denied.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Appellant's Motion for Reconsideration of Order Granting Combined Motion for Relief From Judgment and for Enforcement of Judgment or Alternatively, For

Leave of Court [docket entry no. 24] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Appellant's Motion Requesting Relief from Order or, in the Alternative, for Permission to Appeal Denial of Stay [docket entry no. 25] is not well taken and is hereby denied.

SO ORDERED this the 14th day of February, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj